IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Brad Lee Montgomery,
    Petitioner,

vs.

Charles Ryan, et al.
    Respondents.

CV-10-687-TUC-CKJ (JCG)

**REPORT & RECOMMENDATION**

Petitioner Brad Lee Montgomery, presently incarcerated at the Arizona State Prison Complex in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Jennifer Guerin for Report and Recommendation. Before the Court are the Amended Petition for Writ of Habeas Corpus ("Petition") (Doc. 5) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Doc. 10.) Petitioner did not file a reply. The Magistrate Judge recommends that the District Court deny the Petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the Arizona Court of Appeals, the facts giving rise to Petitioner's conviction are as follows:[1]

Petitioner and "A" engaged in oral sexual contact and sexual intercourse in the men's restroom of a hotel lobby where A had been working at the front desk. (Answer, Ex. A.)

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a state court shall be presumed to be correct."

1  According to A, Petitioner was a total stranger who had forced the acts by abducting her at
2  knife point from an alcove outside the restroom. (*Id.*) Petitioner claimed that he and A had
3  met briefly at a shopping mall and that the subsequent encounter at the hotel was consensual
4  and did not involve a knife. (*Id.*)

5  Following a jury trial, Petitioner was convicted on one count of kidnapping and two
6  counts of sexual assault, all class two felonies. (Answer, Ex. A.) The jury found that the
7  kidnapping was a dangerous nature offense. (*Id.*) In addition, the trial court found that
8  Petitioner had two historical prior felony convictions. (*Id.*) On December 16, 2004, the court
9  imposed presumptive, consecutive terms of imprisonment on all three counts, totaling forty-
10  two years. (*Id.*)

11  Petitioner filed a motion seeking either a judgment of acquittal or a new trial; he based
12  his request on claims that the jury verdict was contrary to law or to the weight of the
13  evidence, arguing the verdicts were inconsistent and attacking A's credibility. (Answer, Ex.
14  A.) In support of his claim, he submitted an allegedly unsolicited letter from a juror, Cole,
15  which stated "I still don't believe the state had enough evidence, but hey, I'm just one little
16  person." (*Id.*) The trial court denied the motion. (*Id.*)

17  Petitioner filed a second motion for new trial, in which he alleged that another juror,
18  Brown, had failed to disclose prior law enforcement experience during voir dire. (Answer,
19  Ex. A.) Petitioner submitted a second affidavit from juror Cole, who claimed to have
20  changed his verdict to guilty in order to end deliberations because he was in poor health.
21  (*Id.*) Petitioner also submitted an affidavit from a juror, Ladd, who said he was pressured
22  into a guilty verdict by another juror. (*Id.*) The trial court denied the motion, concluding that
23  the juror with prior law enforcement experience had not perjured herself and that the
24  affidavits of the other two jurors could not be admitted pursuant to Rule 24.1(d), Ariz. R.
25  Crim. P. (Petition, Ex. A.)

26  On or about March 7, 2006, Petitioner filed a direct appeal in which he raised two
27  claims: (1) the trial court abused its discretion in denying Petitioner's second motion for a
28  new trial in violation of Petitioner's 5th and 6th Amendment rights, and (2) the trial court

misapplied A.R.S. § 13-604(I) when it sentenced Petitioner to a day-for-day sentence on Count II. The Court of Appeals denied Petitioner's first claim for relief on the ground that Petitioner's second motion for a new trial had been untimely and thus the trial court lacked jurisdiction to consider the motion. (Answer, Ex. A.) The appellate court agreed with Petitioner with respect to the alleged sentencing error and remanded the kidnapping conviction to the trial court for resentencing. (Answer, Ex. A.) Petitioner petitioned the Arizona Supreme Court for review; the Arizona Supreme Court denied review on August 8, 2007. (Answer, Ex. F.) The trial court resentenced Petitioner on the kidnapping count. (Answer, Ex. G.)

On November 13, 2008, Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. ("Rule 32 Petition"), in which he presented three claims for relief: (1) Petitioner was denied effective assistance of counsel when trial counsel ineffectively questioned potential juror Brown during voir dire; (2) Petitioner was denied effective assistance of counsel when trial counsel failed to argue that the trial court erred in denying his first motion for a new trial; (3) new facts discovered by Petitioner would likely change the verdict or demonstrate that Petitioner had not received a fair trial. (Answer, Ex. I.) On May 21, 2009, the trial court dismissed Petitioner's Rule 32 Petition on the merits. (Answer, Ex. J.) Petitioner petitioned the Arizona Court of Appeals for review, arguing only one claim: that the trial court incorrectly rejected his claim of newly discovered evidence. (Answer, Ex. K.) The Arizona Court of Appeals granted review but denied relief. (Answer, Ex. B.)

On November 19, 2010, Petitioner filed the instant habeas petition, in which he presents two claims for relief:

**Ground 1:** Petitioner's 5th and 6th Amendment rights were violated when the trial court failed to grant him a new trial;

3

**Ground 2:** Petitioner was denied his constitutional right to an impartial jury because one of the jurors had prior law enforcement experience and did not act impartially during deliberations.[2]

## DISCUSSION

**1.  Exhaustion**

    **a.   Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court.  28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted).  The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519.  A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351.  A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but

---

[2] Respondents characterize the Petition as presenting two claims challenging the trial court's denial of his motions for a new trial and a third claim, made by reference to state court filings, alleging trial by a biased jury.  The Magistrate disagrees with this interpretation of the Petition.  The Petition identifies two grounds: the first related to the motions for new trial and the second related to the alleged bias of one juror.

found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

      **b.**      **Petitioner failed to exhaust Ground 1**

To the extent Petitioner intends to challenge the trial court's denial of his *first* motion for a new trial, Petitioner has failed to exhaust the claim. Petitioner raised the issue of his right to a new trial due to jury coercion on direct appeal, challenging only the denial of his *second* motion for a new trial.

To the extent Petitioner intends to challenge the Court of Appeals' decision concerning his claim that the trial court denied his Fifth and Sixth Amendment rights by denying his *second* motion for a new trial, Petitioner properly presented that claim on direct appeal.[3] However, the Court of Appeals denied the claim on the ground that the second motion for a new trial was untimely pursuant to Rule 24.1(b), Ariz. R. Crim. P., which requires a motion for new trial to be filed within ten days of a verdict, and thus the trial court lacked jurisdiction to consider the motion on the merits. (Answer, Ex. A.) Rule 24.1(b), Ariz. R. Crim. P., is an independent state law ground and an adequate bar to federal review of a claim. *See Hollie v. Sternes*, 2009 WL 3241756, *12 (D. Ariz. 2009). Thus federal

---

[3] The Magistrate disagrees with Respondents' argument that Petitioner failed to "federalize" Ground 1 by arguing on direct appeal only that the trial court's denial of his motions for a new trial violated Rule 24.1, Ariz. R. Crim. P. In his direct appeal, Petitioner expressly claimed that the trial court violated his Fifth and Sixth Amendment rights by denying his second motion for a new trial. (Doc. 10-1, pgs. 25-28.)

5

habeas review of Ground 1 is barred unless Petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the default.

### c. Petitioner failed to exhaust Ground 2

Petitioner did not present Ground 2 in his direct appeal or his Rule 32 Petition. Consequently, Petitioner has not fairly presented Ground 2 and cannot raise the claim for the first time in federal court. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254). Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on Ground 2 in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). Thus, Ground 2 is technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice.

### d. Petitioner has not made a showing of cause and prejudice or a fundamental miscarriage of justice

A federal court may only grant review of a procedurally defaulted claim if the petitioner makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered the petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If the petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner has not alleged cause and prejudice or actual innocence. Accordingly, Grounds 1 and 2 were not properly exhausted and the Court need not consider the merits of those claims.

## **CONCLUSION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen (14) days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-10-687-TUC-CKJ**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 14th day of April, 2011.

Jennifer C. Guerin
United States Magistrate Judge